█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY CAROLINA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 30, 1971, convicting him of two counts of attempted murder, attempted robbery in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The issue raised by defendant on this appeal is the same as that raised by his codefendant. The reversal here follows for the reasons there stated (*People* v. *Ghee,* 42 A D 2d 860). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DARBY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1974, convicting him of attempted possession of a weapon, upon a guilty plea, and imposing sentence. The appeal brings up for review a decision denying defendant's motion to suppress evidence. Judgment affirmed. The charges against defendant were based on evidence seized upon execution of a search warrant. As appears from the record, the application for the warrant was made orally to the court upon the return of wiretap orders. In support of the application, a police officer gave sworn testimony about conversations overheard while the wiretap orders were in effect, and the wiretap orders were received into evidence as part of the application. CPL 690.35 (subd. 1) states that "an application for a search warrant must be in writing and must be made, subscribed and sworn to by a public servant". We hold that the statute was substantially complied with by the procedure followed. It is our view, however, that it is the better practice that, absent special circumstances, the application be stated in a separate writing, subscribed and sworn to. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.